■ SANDRA ANTHONY et al., Respondents, v METROPOLITAN LIFE INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County, entered June 18, 1976, denying defendant's motion for summary judgment, is unanimously reversed on the law, without costs and without disbursements, and defendant's motion for summary judgment dismissing the complaint is granted and the complaint is dismissed. The action is on a policy of group insurance. Under that policy, coverage ceased when the employment terminated, with the following exception: "If the Employee, while insured under the Group Policy, becomes totally disabled as a result of bodily injury or disease so as to be wholly prevented thereby from engaging in any and every business or occupation and from performing any work for compensation or profit, and continues to be so totally disabled uninterruptedly beyond the cessation of his insurance and until the date of his death". The insured resigned from her employment on May 17, 1972. She died on June 28, 1972. Concededly decedent had suffered from hypertensive disease for some time before her resignation, and the death certificate showed the cause of death as chronic hypertensive cardiovascular disease. However, she resigned voluntarily from her position. In her letter of resignation she did not mention her hypertension nor make any suggestion that she was physically unable to perform her job; rather, she gave as her reason for resigning dissatisfaction with personnel, dissension, and harassment by other employees, etc. An assistant secretary familiar with her work stated that decedent was able to perform the functions of her job at the time of and prior to her resignation. That the reasons given in her letter of resignation are substantially the true reasons for the resignation is confirmed by plaintiffs' answers to interrogatories and an affidavit from decedent's physician, although the latter is somewhat conclusory. It appears undisputed that decedent was able to attend social functions and participate in other activities after her resignation. In these circumstances, it was incumbent upon plaintiffs to establish the existence of material facts sufficient to create a triable issue. (Shaw v Time-Life Records, 38 NY2d 201, 207.) This, plaintiffs have failed to do. They have failed to submit evidence to show that decedent was in fact totally disabled from performing any work for compensation at the time of her resignation or at any time thereafter until the date of her death. Concur —Stevens, P. J., Markewich, Kupferman, Silverman and Lynch, JJ.