■ NICHOLAS VOYATZIS, Respondent, v NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY, Appellant. — Judgment, Supreme Court, New York County, entered on June 6, 1980 in favor of plaintiff-respondent in the

amount of $29,773.38, unanimously reversed, on the law, and defendant-appellant's motion for directed verdict granted, without costs. Plaintiff was employed for four years by Prudential Lines and was covered by defendant's group disability policy providing that an employee's insurance shall terminate on his termination of employment and that he shall be considered totally disabled for the purposes of the policy if (a) he "is thereby prevented from performing each and every duty of his occupation;" and (b) thereafter, he "is thereby prevented from engaging in any occupation or employment". Plaintiff had suffered from myopia and from glaucoma in his left eye long prior to his employment with Prudential Lines. However, these problems were not disabling. He entered Prudential's employ on June 1, 1972. He contended that his vision deteriorated markedly over the four-year period of his employment with them, until he was forced to resign because he had all but lost vision in his left eye, while the vision in his right eye had also diminished, so that he could no longer do the job required of him. He claimed he never reported his condition because he feared losing his job and was able to get by because he was largely unsupervised and his family assisted him at home with his reading and writing of reports. However, the credible evidence shows that throughout his four years with Prudential, plaintiff attended work regularly, satisfactorily performed his duties, received promotions and wage increases and then, without any suggestion that he was disabled, resigned voluntarily to accept another position. In an "exit" interview, he told Prudential that the reason he was leaving was because he had an opportunity to return to work in his home country of Greece. He stated that he was also dissatisfied with the way operations were going and with top management. However, he never informed anyone at Prudential that his vision interfered with his work. Only a few days after he left, he denied any impairment of his vision in a written application for major medical insurance. Further, he drove an automobile throughout the time of his employment with Prudential and thereafter. Toward the latter part of his employment with Prudential he actively looked for other work. He wrote a former employer, the Pillsbury Company, several times and met with them, entering into an agreement for a four-month initial employment period in Greece and the Middle East. It was not until this agreement was entered into that he resigned from Prudential. He then proceeded to Greece and performed substantial duties for Pillsbury in a generally satisfactory way. His vision did not appear to interfere with his work. After his contract with Pillsbury expired, he wrote them indicating that the reason he had left Prudential Lines was his anticipation of a final agreement with Pillsbury. Under the circumstances, disability may not be claimed where the insured employee actively worked full time during the entire period of his employment. Plaintiff was not disabled under the policy, because he was actively performing all of the material duties of his occupation until the last day of his employment with Prudential Lines and for the succeeding four months with the Pillsbury Company (see *Anthony v Metropolitan Life Ins. Co.,* 54 AD2d 866). Concur — Kupferman, J.P., Sullivan, Carro, Markewich and Lupiano, JJ.